IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CR-73-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARK AARON OAKLEY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion for early disclosure of *Brady/Giglio* material [DE-28], motion for disclosure of Fed. R. Evid. 404(b) evidence [DE-29], motion to sequester government witnesses [DE-30], and motion for disclosure of government summary exhibits [DE-31]. The government filed an omnibus response to these motions. [DE-35]. For the reasons that follow, defendant's motion for early disclosure of *Brady/Giglio* material [DE-28], motion for disclosure of Fed. R. Evid. 404(b) evidence [DE-29], motion to sequester government witnesses [DE-30], and motion for disclosure of government summary exhibits [DE-31] are allowed in part and denied in part as set forth herein.

## I. PROCEDURAL HISTORY

On April 2, 2025, a grand jury sitting in the Eastern District of North Carolina returned an indictment charging defendant with three counts of deprivation of rights under color of law, in violation of Title 18, United States Code, Section 242. [DE-1]. Ahead of his arraignment, defendant filed the instant pretrial motions [DE-28; -29; -30; -31]. The government has responded to these motions [DE-35], and the motions are ripe for disposition.

## II. DISCUSSION

A.      **Motion for Early Disclosure of *Brady/Giglio* Material [DE-28]**

Defendant requests that the court order the government to immediately disclose all

*Brady/Giglio* material in its possession.  [DE-28].  Specifically, defendant seeks, including but not limited to, the following:

1.   any plea agreements between the Government and any witnesses in this case[;]

2.   any agreements and/or recommendations for leniency, or agreements for immunity, between the Government and any of its witnesses[;]

3.   all evidence tending to show that any Government witness has violated his plea agreement with the Government, or continued to engage in criminal conduct after entering his plea agreement with the Government[;]

4.   any documents and/or other tangible items within the possession of the Government, including law enforcement reports, that are potentially exculpatory toward Defendant[;]

5.   any witness statements, in any form, whether made by persons who will testify at trial or not, that are exculpatory in any way toward Defendant, including any prior inconsistent statement of any Government witness and any exculpatory statements made to the Government by persons who will not be testifying at trial[;]

6.   any statement of any potential Government witness, in any form, that is inconsistent in any way (including omission) with any earlier or later statement provided by that potential witness to the Government[;]

7.   notice of the provision of compensation, in any form or fashion, by the Government to any witness in this case[;] and

8.   the criminal records of any Government witnesses in this case.

*Id.* at 1- 2.

Defendant filed this motion to ensure any *Brady/Giglio* material is produced no later than sixty days before trial so that he may properly investigate and develop any such evidence.  *Id.* at 4.  The government filed a response in opposition, and argues that defendant "has not complied with Local Criminal Rule 12.2, requiring the defendant to confer with the government and state why the parties could not reach an agreement."  [DE-35] at 2.

2

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, "the government is required to disclose evidence that is both favorable to an accused and material to either guilt or punishment." *United States v. Newby*, 251 F.R.D. 188, 190 (E.D.N.C. 2008) (internal quotations and citations omitted). This requirement includes the disclosure of evidence that could potentially be used to impeach or discredit a government witness, *Giglio v. United States*, 405 U.S. 150, 154 (1972), encompassing all plea agreements and promises of leniency, immunity, or other similar inducements to testify that have been given to witnesses, and the criminal records of witnesses, *United States v. Stroop*, 121 F.R.D. 269, 274 (E.D.N.C. 1988). "Although a specific mandate on the timing of these disclosures has not been established, the Fourth Circuit has held that there is no violation of a defendant's right to due process so long as the government discloses exculpatory and impeachment evidence to a defendant 'in time for its effective use at trial.'" *United States v. Evans,* No. 5:17-CR-39-FL-1, 2018 WL 4778041, at *1 (E.D.N.C. Oct. 3, 2018) (citing *United States v. Smith Grading & Paving, Inc*., 760 F.2d 527, 532 (4th Cir. 1985)). The government does not need to produce statements which fall under the Jencks Act until after the witness has testified. The Jencks Act, 18 U.S.C. § 3500(a).

The government acknowledges its obligations under *Brady*, *Giglio*, and the Jencks Act, as well as its continuing duty to disclose under Fed. R. Crim. P. 16 and Local Criminal Rule 16.1. [DE-35] at 2. Further, the government represents that it has produced extensive discovery, has continued to do so, and "will continue to meet its ongoing duty to disclose." *Id.* at 2.

To the extent the government either possesses or discovers favorable or impeaching material that has not already been produced, it must produce such material to defendant no later than seven days (one week) prior to trial. *See United States v. Mayhew*, No. 5:13-CR-199-F-2,

3

2014 WL 185881, at *1 (E.D.N.C. Jan. 16, 2014) (ordering disclosure of *Brady* evidence seven days prior to trial) (citing *United States v. Graham*, 468 F. Supp.2d 800, 802 (E.D.N.C. 2006) (holding that while disclosure of Rule 404(b) information three days prior to trial would not be unreasonable, disclosure one week prior to trial would be sufficient)).  Defendant's motion for early disclosure of *Brady/Giglio* material [DE-28] is therefore allowed in part and denied in part.

**B.      Motion for Disclosure of Rule 404(b) Evidence [DE-29]**

Defendant requests that the government disclose the substance of any evidence it intends to offer at trial pursuant to Fed. R. Evid. 404(b).  [DE-29] at 1.  Defendant seeks to his preserve objection(s) to the introduction of any Rule 404(b) evidence, and to determine if the government contends it possesses evidence admissible under Rule 404(b), so he may move to exclude such evidence prior to trial.  *Id*.  In response, the government contends that defendant's motion should be denied because it is aware of its obligations under Rule 404(b) and will comply with the rule "at the appropriate time."  [DE-35] at 2-3.

In a criminal case, Rule 404(b) requires that the government "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it."  Fed. R. Evid. 404(b)(3)(A).  The government is required to "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose" and to "do so in writing before trial—or in any form during trial if the court, for good cause, excuses lack of pretrial notice."  Fed. R. Evid. 404(b)(3)(B)-(C). "The rule does not, however, entitle the defendant to the discovery of the 404(b) evidence itself." *United States v. Ross-Varner*, No. 5:14-CR-206-F-6, 2015 WL 1612045, at *10 (E.D.N.C. Apr. 9, 2015) (citing *United States v. Graham*, 468 F. Supp.2d 800, 802 (E.D.N.C. 2006)) (noting that

4

Rule 404(b) does not require the government to identify "the tangible evidence upon which [it] may rely to introduce the Rule 404(b) evidence"). Defendant cites no case law supporting his request for the substance of any 404(b) evidence. This portion of defendant's motion is accordingly denied.

Defendant's request for notice of any Rule 404(b) evidence the government intends to introduce at trial is allowed and this notice shall be provided at least one week (seven days) prior to trial, and in accordance with the notice requirements provided in Fed. R. Evid. 404(b). *See United States v. Renteria*, No. 7:12-CR-37-FA-10, 2014 WL 2616630, at *4 (E.D.N.C. June 12, 2014) ("Even where the charges are serious, providing 404(b) notice one week prior to trial may be sufficient.") (citing *United States v. Graham*, 468 F. Supp.2d 800, 802 (E.D.N.C. 2006); *United States v. Swain*, No. 4:07-CR-62-D, 2008 WL 717720, at * 1 (E.D.N.C. Mar. 17, 2008)). However, defendant is not entitled to the substance of any Rule 404(b) evidence.

Accordingly, defendant's motion for disclosure of Rule 404(b) evidence is allowed in part and denied in part.

**C.      Motion to Sequester Government Witnesses [DE-30]**

Defendant seeks an order (i) sequestering all witnesses the government intends to call during trial, and (ii) prohibiting the government's witnesses from discussing their testimony with other persons who will be called as witnesses at trial. [DE-30]. Defendant acknowledges that the government may exempt its investigating agent from the sequestration order. *Id.* at 2. The government does not object to the motion. [DE-35] at 3.

Federal Rule of Evidence 615 provides that "[a]t a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony." Fed.

R. Evid. 615(a). Thus, sequestration of witnesses is mandatory if requested. *United States v. Farnham,* 791 F.2d 331, 335 (4th Cir. 1986). Each witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial. *United States v. Rhynes,* 218 F.3d 310, 317 (4th Cir. 2000) (en banc) ("Sequestration requires that witnesses not discuss the case among themselves or anyone else, other than the counsel for the parties.") (quotations and citations omitted). Excepted from sequestration are (1) the parties themselves, (2) one designated officer or employee representative of an entity, (3) a person whose presence is shown by a party to be essential to the presentation of the case, or (4) a person authorized by statute to be present. Fed. R. Evid. 615(a)(1)–(4). A government investigative agent falls within the second exception, even if the agent is expected to testify; however, only one agent may be exempted from sequestration under this exception. *Farnham,* 791 F.2d at 334 (citing *United States v. Parodi,* 703 F.2d 768, 773 (4th Cir. 1983)).

Accordingly, defendant's motion to sequester witnesses is allowed. Pursuant to Federal Rule of Evidence 615(a), it is ordered that the government's witnesses are excluded from the courtroom, except for one designated person, such as the case agent. Additionally, pursuant to Federal Rule of Evidence 615(b), this order prohibits the disclosure of trial testimony to excluded witnesses and prohibits access to trial testimony by excluded witnesses.

**D.      Motion for Disclosure of Government Summary Exhibits [DE-31]**

Defendant seeks an order directing the government to produce to defendant any summary exhibit it intends to use at trial, at least seven days prior to trial. [DE-31]. Defendant asserts that as the charges in this matter arise from use-of-force incidents during defendant's employment as a law enforcement officer, and video from his body-worn camera exists for each, he anticipates

6

that the government may seek to introduce summary exhibits in presenting its case. *Id.* at 1. Defendant argues that the production of any summary or chart seven days prior to trial is necessary (i) "to review the summary exhibit, compare it to the hard data, and check its accuracy and its completeness" and (ii) "to determine if there is a need . . . to obtain expert or lay witnesses to explain or rebut the statements in the [g]overnment's summary, or to create a competing summary that more appropriately or fairly explains the underlying evidence." *Id.* at 2.

The government objects to the seven-day deadline, noting that the rules of evidence do not require such a deadline, and requests that defendant's motion be denied. [DE-35] at 3. The government, however, does not object to the disclosure itself. The government asserts that if it "decides to present any summary evidence at trial, the government will provide copies of that evidence to [defendant] as it becomes available in the normal course." *Id.*

Under the Federal Rules of Evidence, the court "may admit as evidence a summary, chart, or calculation to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court . . . ." Fed. R. Evid. 1006(a). The proponent of the Rule 1006 summary "must make the underlying originals or duplicates available" to the opposing party "at a reasonable time." Fed. R. Evid. 1006(b).

This court has previously found that providing discovery of Rule 1006 evidence between seven and ten days prior to trial is appropriate. *See United States v. Dyer*, No. 5:16-CR-173-FL, 2017 U.S. Dist. LEXIS 8569, at *8 (E.D.N.C. Jan. 23, 2017) (finding seven days before trial to be "sufficient time for the Defendant to review the summary exhibits."); *United States v. Myles*, No. 5:15-CR-0172-F-18, 2015 U.S. Dist. LEXIS 171346, at *9 (E.D.N.C. Dec. 22, 2015) (ordering disclosure of any "summary charts and exhibits in compliance with Rule 1006 of the Federal Rules

of Evidence no later than ten (10) days prior to trial").

To the extent the government intends to offer any summary exhibits at trial, it must produce such summary exhibits to defendant no later than seven days (one week) prior to trial. Defendant's motion for production of summary exhibits is therefore allowed.

### III. CONCLUSION

For the reasons stated above, defendant's motion for early disclosure of *Brady/Giglio* material [DE-28], motion for disclosure of Fed. R. Evid. 404(b) evidence [DE-29], motion to sequester government witnesses [DE-30], and motion for disclosure of government summary exhibits [DE-31] are allowed in part and denied in part as set forth herein.

SO ORDERED, this 9th day of March, 2026.

_____
Brian S. Meyers
United States Magistrate Judge

8